UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim No. 11-189 (MJD/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| KYLE LEE MITCHELL HARDY, | |
| Defendant. | |

---

This matter is before the Court upon the Defendant's Motion to Suppress Statements, Admissions, and Answers, and his Motion to Suppress Evidence Obtained as a Result of Search and Seizure, which have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  A hearing on the motions was conducted on July 26, 2011.  For the reasons discussed below, it is recommended that the motions be denied.

**I.      Motion to Suppress Evidence Obtained as a Result of Search and Seizure**

At the hearing, the Defendant indicated that he did not have a basis to seek the suppression of any evidence that the Government had obtained through search and seizure, based upon the Government's representations regarding the evidence that is presently in its possession.  Therefore, it is recommended that the motion be denied.  If the Government later notifies the Defendant of additional evidence that was seized that it seeks to offer at trial, the Defendant may raise additional suppression issues at that time.

## II.     Motion to Suppress Statements, Admissions, and Answers

The Court made a record of its ruling from the bench at the hearing on July 26, 2011. The Court briefly memorializes that decision in writing herein, but incorporates by reference the record of its decision as further rationale for its decision.[1]

In this motion, the Defendant challenges three statements. The first of the three statements was obtained by Captain Kendall Kingbird of the Red Lake Police Department ("RLPD") on August 28, 2009, while the Defendant was in the hospital for medical treatment immediately following the car accident that underlies the charges in this case. The record clearly establishes that the Defendant was not in custody for purposes of Miranda, and accordingly, a Miranda warning was not required. In addition, the evidence at the hearing failed to reveal any basis for concluding that the statement was otherwise involuntary due to the Defendant's medical condition, or that the Defendant's will was overborne by police coercion. Therefore, it is recommended that the motion to suppress be denied as to the Defendant's August 28, 2009 statement.

The next statement was obtained by Special Agent Robert Mertz of the Federal Bureau of Investigation ("FBI") on January 12, 2011, while the Defendant was in police custody on unrelated charges. The Defendant was advised of his Miranda rights, and he acknowledged that he understood those rights. The record made at the hearing clearly establishes that the Defendant knowingly and voluntarily waived his right to remain silent and his right to an attorney, and moreover, there was absolutely no evidence that the Defendant's statement was the result of

---

[1] The Court notes that, at the close of the evidentiary hearing, counsel for the Defendant conceded that the legal standards for suppression had not been met based on the evidence that was presented at the hearing with respect to the three statements at issue.

unlawful police coercion or that his will was overborne. As such, the Court finds that the statement was clearly voluntary. Therefore, it is recommended that the motion be denied as to the January 12, 2011 statement.

Lastly, a third statement was obtained from the Defendant by Special Agent Joe Ogden of the FBI on May 16, 2011, at a residence where the Defendant was staying. After Ogden contacted the Defendant, the Defendant agreed to speak with Ogden and gave him directions to his location. Upon Ogden' arrival, the Defendant went outside to meet him, which is where the interview took place. The Court finds that the Defendant was clearly not in custody for purposes of Miranda and that a Miranda warning was therefore not required. Again, there was also absolutely no evidence that the statement was otherwise obtained by police coercion or that the Defendant's will was overborne. As such, the Court finds that the statement was clearly voluntary. Therefore, it is recommended that the motion be denied as to the May 16, 2011 statement as well.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Statements, Admissions and Answers [Docket No. 17] be DENIED;

2. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 18] be DENIED.

Dated: July 26, 2011                                         s/Leo I. Brisbois
                                                            LEO I. BRISBOIS
                                                            United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 9, 2011,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.